# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

141212

LISA A. CHASE,
    Plaintiff,

and

JEFFREY M. CHASE,
    Plaintiff-Appellee,

v

SC: 141212
COA: 289680
Macomb CC: 2007-003979-NI

SUSAN B. POMILIA and ALYSSA K.
POMILIA
    Defendants-Appellants,

and

GEORGE M. DEMAR and CARL F.
DEFILIPPO III,
    Defendants-Appellees.
_____/

   On order of the Court, the application for leave to appeal the May 18, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

   CORRIGAN, J. (*concurring*).

   I concur in the order denying leave because the conclusion of the Court of Appeals majority—that plaintiff's injuries were sufficient to satisfy the tort threshold in MCL 500.3135(7)—likely would not constitute clear error under this Court's subsequent opinion in *McCormick v Carrier,* 487 Mich ___ (2010). But I reiterate my disagreement with *McCormick* for the reasons expressed by Justice MARKMAN's dissent in that case, which I joined. Further, I agree with the trial court and the Court of Appeals dissent that plaintiff's injuries here clearly do not satisfy the plain language of MCL 500.3135(7), which I think was correctly interpreted in *Kreiner v Fischer*, 471 Mich 109 (2004).

The automobile no-fault act permits a person injured in an automobile accident to sue in tort only if the injury caused by the accident constitutes a "serious impairment of body function," which means "an objectively manifested impairment of an important body function that affects the person's general ability to live his or her normal life." MCL 500.3135(7). Here plaintiff claimed that the accident aggravated preexisting back pain and depression. But, in the words of the dissenting Court of Appeals opinion:

> The record in this case is full of undisputed evidence that the trajectory of plaintiff's normal life has not been affected by the automobile accident. As the trial court noted in its opinion, well before the accident in this case, plaintiff had been determined disabled by the Social Security Administration. In his application for those benefits, which were largely based upon a psychological disability, plaintiff indicated that he could not do virtually all the things he now claims he could not do because of the accident. For instance, for many years before the accident plaintiff had not worked, golfed, fished, boated, or even done many household chores. Indeed, he admittedly stayed in his bedroom on and off for many days, in large part because of his depression. His same life pattern continued after the accident, albeit with some more pain. [*Chase v Pomilia,* unpublished opinion per curiam of the Court of Appeals, issued May 18, 2010 (Docket No. 289680), dissenting opinion of Murray, J., p 2.]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2010

Corbin R. Davis

Clerk

d1018